UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DASHONE MARCEL REYNOLDS**                                                    CIVIL ACTION

**VERSUS**                                                                                    NO. 21-1615

**ORLEANS PARISH SHERIFF'S OFFICE, ET AL.**                    SECTION: "T"(3)

### REPORT AND RECOMMENDATION

Dashone Marcel Reynolds, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. Claiming that his constitutional rights were violated when he was strip-searched at the Orleans Justice Center, he sued the Orleans Parish Sheriff's Office and Sergeant Deputy L. Evans.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

---

[1] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed pursuant to the foregoing standards.

### I. Orleans Parish Sheriff's Office

As noted, plaintiff named the Orleans Parish Sheriff's Office as a defendant in this lawsuit. That is improper, because a parish sheriff's office simply is not a legal entity subject to suit. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Roy v. Orleans Parish Sheriff's Office, Civ. Action No. 15-701, 2015 WL 7750498, at *3 (E.D. La. Oct. 5, 2015), adopted, 2015 WL 7756102 (E.D. La. Dec. 1, 2015); Naquin v. Orleans Parish Sheriff's Office, Civ. Action No. 11-2878, 2012 WL 262988, at *3 (E.D. La. Jan. 9, 2012), adopted, 2012 WL 262877 (E.D. La. Jan. 30, 2012); Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3-4 (E.D. La. Feb. 26, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, plaintiff's claim

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

against the Orleans Parish Sheriff's Office lacks an arguable basis in law, and so it should be dismissed as frivolous.

## II.  Sergeant Deputy L. Evans

Plaintiff also sued Sergeant Deputy L. Evans.  However, for the following reasons, plaintiff's allegations are insufficient to state a proper claim that Evans conducted an unconstitutional search.

Although it is true that searches of inmates "must be reasonable under all facts and circumstances in which they are performed," Parker v. Woods, 834 F. App'x 92, 95 (5th Cir. 2020) (quotation marks omitted), strip-searches – even ones including body-cavity searches[3] – are not *per se* unreasonable.  Rather, the United States Fifth Circuit Court of Appeals has explained:

> Under appropriate circumstances, … visual body cavity searches of prisoners can be constitutionally acceptable.  We have considered factors such as whether the search was performed by guards of the opposite sex; whether it occurred in public or private; and whether it was unreasonably lengthy.

Id. at 95-96 (footnotes, citation, and quotation marks omitted).

In his complaint in the instant case, plaintiff has alleged nothing more than that "[o]n August 12, 2021 between 12 pm and 1 pm [he] was forced in the shower by the rank deputy and strip searched on Pod 3A."[4]  But even if it was Evans who conducted that strip-search, the foregoing statement includes no factual allegations whatsoever from which it could be inferred that either his reason for conducting the search or the manner in which he conducted it was **unreasonable**.

---

[3] It is unclear from plaintiff's statement of his claim whether the challenged strip-search included a body-cavity search; however, out of an abundance of caution, the Court will assume that it did for the purposes of this opinion.
[4] Rec. Doc. 1, p. 4.

Accordingly, plaintiff's allegations fall far short of what the federal law requires to state a claim. Simply put: although the federal pleading rules do not require "detailed factual allegations," they nevertheless still "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). Therefore, as already noted *supra*, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Here, this plaintiff has not done so. At best, his well-pleaded facts permit nothing more than an inference of a "mere possibility of misconduct." See Iqbal, 556 U.S. at 679. But that is insufficient to state a claim, because it does not "nudge[] his claims … across the line from conceivable to plausible." See id. at 680 (quotation marks and brackets omitted).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claim against the Orleans Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous.

It is **FURTHER RECOMMENDED** that plaintiff's claim against Sergeant Deputy L. Evans be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this \_\_\_3rd\_\_\_ day of March, 2022.

                                                                        **DANA M. DOUGLAS**
                                                                          **UNITED STATES MAGISTRATE JUDGE**